# **EXHIBIT 2**

## Case Dismissal in West Virginia

DOC/Exhibit 5
for 26

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

HELEN TUCKER and
MOUND CITY INC., a corporation,

    Plaintiffs,

v.

STEVEN L. THOMAS,
THOMAS BRAD SINGLETON,
SCOTT HAIRE, DON PERRY,
FRANK BARKER, ALEXAS
INTERTAINMENT, LLC, KOFFEE SHOP
INC. a corporation, DONNA KITCHEN,
KIMBERLY J. CRUPE, OHIO VALLEY
AMUSEMENT COMPANY, H.E.B. TECH,
LLC., STEVEN EVANS, M.L.H., LLC, and
KEYSTONE EXPLORATION, LTD.

    Defendants.

Civil Action No. 10-C- 28 K
Judge Karl

## COMPLAINT

### Introduction

This matter concerns the wrongful conduct of Defendants, individually and collectively, to defraud Plaintiffs of their property and to injure them in their business affairs. Defendants' conduct includes, but is not limited to, engaging in a pattern of racketeering activity and operating Defendant Ohio Valley Amusement Company as a criminal enterprise.

### Parties

1. Plaintiff Helen Tucker ("Tucker") is an individual residing in Marshall County, West Virginia and owner of all the shares of stock of Plaintiff Mound City, Inc.

2. Plaintiff Mound City Inc. ("Mound City") is a West Virginia corporation with its principal place of business in Marshall County, West Virginia.

1

3. Defendant Steven L. Thomas ("Thomas") is a West Virginia resident and his wrongful conduct occurred in Marshall County, West Virginia.

4. Defendant Thomas Brad Singleton ("Singleton") is a West Virginia resident and his wrongful conduct occurred in Marshall County, West Virginia.

5. Upon information and belief, Defendant Scott Haire ("Haire") is a Florida resident and his wrongful conduct occurred in West Virginia.

6. Upon information and belief, Defendant Don Perry ("Perry") is a California resident and his wrongful conduct occurred in West Virginia.

7. Upon information and belief, Defendant Frank Barker ("Barker") is a Kentucky resident and his wrongful conduct occurred in West Virginia.

8. Defendant Alexas Intertainment, LLC ("Alexas Intertainment") is a Nevada Limited Liability Company, and its wrongful conduct occurred in West Virginia.

9. Defendant Koffee Shop Inc. ("Koffee Shop") is a West Virginia corporation and its wrongful conduct occurred in Marshall County, West Virginia.

10. Defendant Donna Kitchen ("Kitchen") is a West Virginia resident and her wrongful conduct occurred in Marshall County, West Virginia.

11. Defendant Kimberly J. Crupe ("Crupe") is a West Virginia resident and her wrongful conduct occurred in Marshall County, West Virginia.

12. Defendant Ohio Valley Amusement Company ("Ohio Valley Amusement") is a West Virginia corporation with its principal place of business in Marshall County, West Virginia.

13. Defendant H.E.B. Tech, LLC ("H.E.B. Tech") is a Nevada Limited Liability Company and its wrongful conduct occurred in Marshall County, West Virginia.

14. Upon information and belief, Defendant Steven Evans ("Evans") is a Kentucky resident and his wrongful conduct occurred in Marshall County, West Virginia.

15. Defendant M.L.H., LLC ("M.L.H.") is a Nevada Limited Liability Company and its wrongful conduct occurred in Marshall County, West Virginia.

16. Upon information and belief, Defendant Keystone Exploration, Ltd. ("Keystone") is a Limited Company and its wrongful conduct occurred in Marshall County, West Virginia.

### Facts

17. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 thru 16.

18. Defendants Alexas Intertainment, Koffee Shop, Ohio Valley Amusement, H.E.B. Tech, M.L.H., and Keystone are all alter egos or instrumentalities of one another and of individual Defendants Singleton, Haire, Perry, Barker and Evans. Such Defendants have intentionally engaged in sham transactions to create the appearance to third parties, including various courts in West Virginia, that such Defendants are independent entities when in fact many of the Defendants occupy the same offices, have the same telephone numbers, have the same members and operate in reality as one entity with no separate purpose.

19. At various times as set forth herein Defendants, individually and collectively, wrongfully caused lis pendens to be filed against Plaintiffs' real property.

20. At various times as set forth herein Defendants, individually and collectively, tortiously interfered with Plaintiffs' contractual relations with third parties.

21. At various times as set forth herein Defendant Thomas committed legal malpractice against Plaintiffs.

3

22. At various times as set forth herein Defendants, individually and collectively, committed fraud against Plaintiffs.

23. At various times as set forth herein Defendants, individually and collectively, engaged in a civil conspiracy to deprive Plaintiffs of their property.

24. At various times as set forth herein Defendants, individually and collectively, converted Plaintiffs' property to their own use.

25. At various times as set forth herein Defendants, individually and collectively, caused Plaintiff Mound City's mail to be illegally opened, when in fact Defendants knew such conduct constitutes a felonious act.

26. Upon information and belief, Defendants have engaged in similar wrongful conduct with other parties.

## COUNT ONE
### Slander of Title

27. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 thru 26.

28. Defendants, individually and collectively, caused notices of lis pendens to be filed in the county clerk's office of Marshall County, West Virginia against Plaintiffs' real property.

29. Defendants, individually and collectively, intentionally, maliciously, and wrongfully caused notices of lis pendens to be filed against Plaintiffs' property.

30. Defendants' conduct, individually and collectively, constitutes the tort of slander of title.

31. After the Circuit Court of Marshall County ruled the notices of lis pendens were improperly filed against Plaintiffs' property, Defendants wrongfully persisted in

4

maintaining the lis pendens were proper, thereby engaging in a continuous tort of slander of title.

32. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT TWO
### Tortious Interference

33. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 thru 32.

34. Defendants, individually and collectively, tortiously interfered with the contractual relationships Plaintiffs had with third parties, including, but not limited to, the following:

    a. Joseph and/or Jeffrey Mayerich;

    b. Gerald McClure;

    c. Thomas West;

    d. Regis Molyneaux;

    e. BB&T Bank;

    f. Union Bank;

    g. Consol Coal Co.;

    h. Southern Amusement Co.;

    i. Hancock County Bank;

    j. Ted's Trophy Club; and

    k. Marcia and David Thompson, by Defendant Crupe.

35. Defendants, individually and collectively, intentionally, maliciously, and wrongfully interfered with the contractual relationships Plaintiffs had and/or intended to have with third parties.

5

36. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT THREE
## Legal Malpractice

37. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 thru 36.

38. Defendant Steven Thomas and Plaintiff Mound City formed an attorney-client relationship such that Defendant Thomas repeatedly rendered legal advice to Mound City and its representatives.

39. Thereafter, Defendant Thomas failed to act as a reasonably prudent lawyer would have acted under the same or similar circumstances by providing legal advice and appearing as counsel in litigation on behalf of parties adverse to Plaintiffs.

40. Defendant Thomas failed to render appropriate legal advice to Plaintiff Mound City and Plaintiff Mound City reasonably relied upon Defendant Thomas' erroneous legal advice.

41. Defendant Thomas acted recklessly, intentionally, and/or negligently, and Defendant Thomas' conduct was specifically designed to cause injury to Plaintiff Mound City.

42. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff Mound City has been damaged in an amount to be determined at trial.

6

## COUNT FOUR
### Invasion of Privacy

43. Plaintiffs incorporate by reference the allegations contained in paragraphs numbered 1 thru 42.

44. Defendants, individually and collectively and specifically including Defendant Kitchen, caused Plaintiff Mound City's mail to be opened, without authority, and such conduct is a felonious act.

45. Defendants, individually and collectively, intentionally, maliciously, and wrongfully caused Plaintiff Mound City's mail to be opened, without authority, and such conduct is a felonious act.

46. Defendants' conduct, individually and collectively, constitutes the tort of invasion of privacy.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT FIVE
### Fraud

48. Plaintiff incorporates by reference the allegations contained in paragraphs numbered 1 thru 47.

49. Defendants, individually and collectively, engaged in a scheme or artifice to defraud Plaintiffs, including, but not limited to, the following ways:

    a. Converted stock of Koffee Shop, Inc.

    b. Instructed Regis Molyneaux not to pay rent to Plaintiffs. (3980 Main St. Weirton).

    c. Instructed Koffee Shop Inc. not to pay rent to Plaintiffs. (274 Jefferson Ave Moundsville).

    d. By committing the tort of slander of title against Plaintiffs property;

    e. By tortiously interfering with Plaintiffs' business relationships;

    f. By converting Plaintiffs' property to their own use; and

    g. Instructed Ohio Valley Amusement not to pay rent causing Mound City to go into default with (3) three banks - BB&T, Union Bank, and Hancock County Bank.

50. Defendants, individually and collectively, intentionally, maliciously, and wrongfully defrauded Plaintiffs.

51. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT SIX
### Conversion

52. Plaintiff incorporates by reference the allegations contained in paragraphs numbered 1 thru 51.

53. Defendants, individually and collectively, converted Plaintiffs' personal property to their own use, including, but not limited to, office equipment and supplies, and such conduct is a criminal act.

54. As a direct and proximate result of Defendants wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT SEVEN
### Civil Conspiracy

55. Plaintiff incorporates by reference the allegations contained in paragraphs numbered 1 thru 54.

8

56. Defendants, individually and collectively, engaged in a civil conspiracy to deprive Plaintiffs of their property in the following ways:

    a. By committing the tort of slander of title against Plaintiffs property;

    b. By tortiously interfering with Plaintiffs' business relationships;

    c. By defrauding Plaintiffs as set forth in Count Four of this Complaint; and

    d. By converting Plaintiffs' property to their own use.

57. Defendants' conduct, individually and collectively, was intentional, malicious, and wrongful.

58. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand the following relief:

A. Compensatory damages in the approximate amount of twelve million dollars ($12,000,000.00)[1];

B. Punitive damages in an amount of six to ten times compensatory damages for Defendants' intentional and malicious conduct, tantamount to racketeering activity;

C. Interest, costs and attorney fees;

D. Trial by jury on all counts of this complaint; and

E. Such further relief as the Court deems appropriate.

---

[1] Because Plaintiffs are not alleging a physical personal injury, W.Va. Code §55-7-25 does not apply.

9

Plaintiffs,
by counsel,

Paul J. Harris
WV Bar # 4673
Fifteenth & Eoff Streets
Wheeling, WV 26003
304.232.5300

Kevin L. Neiswonger
WV Bar # 6941
409 Morton Ave.
Moundsville, WV 26041
304.843.1714

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

HELEN TUCKER AND MOUND CITY,
INC., A CORPORATION,

    Plaintiffs,

v.

                                  Civil Action No. 5:10-cv-31
                                Honorable Frederick P. Stamp, Jr.

STEVEN L. THOMAS, THOMAS BRAD
SINGLETON, SCOTT HAIRE, DON
PERRY, FRANK BARKER, ALEXAS
INTERTAINMENT, LLC, KOFFEE SHOP
INC., a corporation, DONNA KITCHEN,
KIMBERLY L. CRUPE, OHIO VALLEY
AMUSEMENT COMPANY, H.E.B. TECH,
LLC, STEVEN EVANS, M.L.H., LLC,
and KEYSTONE EXPLORATION, LTD.

    Defendants.

## DISMISSAL ORDER

On this day came the parties, by counsel, and announced to the Court that the Plaintiffs wished to dismiss their claims against the Defendants in this matter with prejudice. Whereupon, motion was made to dismiss the above-styled matter with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court, hearing no objection thereto, was of the opinion to and does hereby DISMISS the above-styled matter WITH PREJUDICE.

The Clerk is ORDERED to dismiss this case from the docket of the Court.

All of which is accordingly so ORDERED, ADJUDGED and DECREED.

ENTER this __18th__ day of __September__, 2012.

24069/788

/s/ Frederick P. Stamp, Jr.
Honorable Frederick P. Stamp, Jr.

Presented by:

/s/ Tanya M. Kesner
Tanya M. Kesner (WVSB #5162)
Kesner & Kesner, PLLC
112 Capitol Street
P. O. Box 2587
Charleston, WV  25329

Approved by:

/s/ Ashley P. Hardesty
Ashley P. Hardesty (WVSB #9380)
Andrew G. Fusco (WVSB #1317)
Bowles Rice McDavid Graff & Love LLP
7000 Hampton Center
Morgantown, WV  26505-1759

/s/ Kevin L. Neiswonger
Kevin Lee Neiswonger (WVSB #6941)
Neiswonger & White Law Offices
409 Morton Avenue
Moundsville, WV  26041-1616

/s/ John Andrew Smith
John Andrew "Jack" Smith (WVSB #3470)
Flaherty, Sensabaugh & Bonasso, PLLC
P. O. Box 3843
Charleston, WV  25338

/s/ Robert A. Lockhart
Robert A. Lockhart (WVSB #4657)
Martin & Seibert, L.C.
300 Summers Street, Suite 610
Charleston, WV  25301

24069/788