# EXHIBIT 6

## Stuckert's Lawsuit Against HEB in Texas

## LITTLE PEDERSEN FANKHAUSER L.L.P.
901 MAIN STREET
SUITE 4110
DALLAS, TEXAS 75202

TELEPHONE 214-573-2300
FAX 214-573-2323
WWW.LPF-LAW.COM

Writer's Direct Dial
(214) 573-2307

E-Mail Address
JLittle@lpf-law.com

November 30, 2012

A. Bruce Wilson
Ray & Wilson
6300 Ridglea Place, Suite 1008
Fort Worth, Texas 76116-5736

C.M.R.R.R.

> Re:   *James Stuckert, Trustee of the James W. Stuckert Revocable Trust under*
> *agreement dated February 10, 1986 v. HEB, LLC;*
> Cause No. 153-262300-12 in the 153rd District Court, Tarrant County, Texas

Dear Mr. Wilson:

Thank you for your letter of September 25, 2012.

As you know, this law firm represents James Stuckert, Trustee of the James W. Stuckert Revocable Trust under agreement dated February 20, 1986 ("Stuckert"). I enclose the following:

a.   A copy of the Order for Substituted Service entered on November 16, 2012; and

b.   A copy of the original Citation issued in the above-styled and numbered cause, to which is attached the Original Petition filed October 18, 2012.

I will be happy to visit with you concerning an agreed-upon answer date for the lawsuit.

If you have any questions, please feel free to contact me.

Very truly yours,

John J. Little

JJL/ss
Encl.

cc:   William G. Strench, Esq. (Email)(w/encl.)
Robert C. Webb, Esq. (Email)(w/encl.)
James Stuckert (Email)(w/encl.)

No. 153-2623-12

| | | |
|---|---|---|
| JAMES STUCKERT, Trustee of the | § | IN THE DISTRICT COURT |
| James W. Stuckert Revocable Trust | § | |
| under agreement dated February 10, 1986, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| HEB, LLC, | § | |
| | § | |
| Defendant. | § | 153rd JUDICIAL DISTRICT |

## ORDER FOR SUBSTITUTED SERVICE

BEFORE THE COURT is the Rule 106(b) Motion for Substituted Service filed herein by Plaintiff JAMES STUCKERT, Trustee of the James W. Stuckert Revocable Trust under agreement dated February 10, 1986 ("Stuckert"). The Court, having considered the Motion and the evidence submitted in support of such Motion, finds that the methods of substituted service proposed by Plaintiff will be reasonably effective to give the Defendant HEB, LLC, notice of this suit. Accordingly, the Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff Stuckert may service Defendant HEB, LLC by substituted service pursuant to TEX. R. CIV. P. 106(b).

IT IS FURTHER ORDERED that Plaintiff Stuckert shall serve Defendant HEB, LLC through each of the following methods of substituted service:

1. by delivering the Citation with the Original Petition attached to any person over the age of sixteen (16) at Defendant HEB's principal place of business at 777 Main Street, Suite 3100, Fort Worth, Texas 76102;

2. by delivering a copy of the Citation with the Original Petition attached to Scott Haire, Managing Member of Defendant HEB, via Certified Mail, Return Receipt

RULE 106(b) ORDER FOR SUBSTITUTED SERVICE                                    --Page 1

Requested, at his offices in Florida, as follows:

> Scott Haire
> Medical Office Software, Inc.
> 6400 Andrews Blvd., Suite 530
> Ft. Lauderdale, Florida 33309; and

3.   by delivering a copy of the Citation with the Original Petition attached to Scott

Haire, Managing Member of Defendant HEB, via UPS, at his home in Florida, as follows:

> Scott Haire
> 12136 NW 9th Place
> Coral Springs, Florida 33071.

d.   by delivering a copy of the Citation with the Original Petition attached to

counsel for Defendant HEB, via Certified Mail, Return Receipt Requested, as follows:

> A. Bruce Wilson
> Ray & Wilson
> 6300 Ridglea Place, Suite 1008
> Fort Worth, Texas 76116-5736

IT IS SO ORDERED.

SIGNED: November _16_, 2012

> Hon. Ken Curry
> Judge, 153rd District Court of
> Tarrant County, Texas

RULE 106(b) ORDER FOR SUBSTITUTED SERVICE          --Page 2

THE STATE OF TEXAS        **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*      *Cause No. 153-262300-12*

JAMES STUCKERT

VS.

HEB, LLC

TO: HEB LLC

E/S SCOTT HAIRE, MANAGER 777 MAIN STREET, SUITE 3100 FORT WORTH, TX 76102-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

JAMES STUCKERT, TRUSTEE OF THE JAMES W. REVOCABLE TRUST

Filed in said Court on October 18th, 2012 Against
HEB LLC

For suit, said suit being numbered 153-262300-12 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JOHN J LITTLE
Attorney for JAMES STUCKERT Phone No. (214)573-2300
Address     901 MAIN ST STE 4110 DALLAS, TX 75202

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of October, 2012.

By _____ Deputy

LAUREN P. MELANSON

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

No. 153 262300 12

| | |
|---|---|
| JAMES STUCKERT, Trustee of the<br>James W. Stuckert Revocable Trust<br>under agreement dated February 10, 1986,<br><br>    Plaintiff,<br><br>vs.<br><br>HEB, LLC   ,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

IN THE DISTRICT COURT

OF TARRANT COUNTY, TEXAS

141 JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

JAMES STUCKERT, Trustee of the James W. Stuckert Revocable Trust under agreement dated February 10, 1986 ("Stuckert"), Plaintiff herein, files this his Original Petition complaining of HEB, LLC, a Nevada Limited Liability Company ("HEB"), Defendant, and for cause of action shows as follows:

### I. DISCOVERY CONTROL PLAN

1.    Discovery in this matter should be conducted pursuant to Level 2 discovery control plan, as set forth in TEX. R. CIV. P. 190.3.

### II. PARTIES

2.    Stuckert is an individual resident of the State of Kentucky and is the Trustee of the James W. Stuckert Revocable Trust established under an agreement dated February 10, 1986.

3.    HEB is a Nevada Limited Liability company that maintains its principal place of business and headquarters in Fort Worth, Tarrant County, Texas. HEB may be served with process herein through its Manager and majority Member, Scott Haire ("Haire"), at HEB's principal place of business at 777 Main Street, Suite 3100, Fort Worth, Texas 76102.

PLAINTIFF'S ORIGINAL PETITION--Page 1

### III. VENUE

4. Venue of this action lies in Tarrant County, Texas, because the Defendant HEB maintains its principal place of business in Tarrant County, Texas and because the cause of action brought herein accrued in whole or in part in Tarrant County, Texas. This Court has jurisdiction over this matter.

### IV. FACTS

5. Stuckert is an individual resident of Kentucky. At all relevant times, he has served as the Trustee of the James W. Stuckert Revocable Trust (the "Trust") established under an agreement dated February 10, 1986. As Trustee, Stuckert has (and has had at all relevant times) full authority to make investments on behalf of the Trust and to prosecute claims on its behalf.

6. HEB is a Nevada limited liability company originally formed in or around 1997. It purports to function as a holding company that invests in, and manages, other businesses.

7. Haire is the sole Manager of HEB and at all relevant times has owned a majority of the membership interests in HEB.

8. In or around mid-2005, Haire was introduced to Stuckert and encouraged him to invest in HEB and certain of the companies owned by HEB. Stuckert did so, initially investing approximately $600,000.00 for equity interests in HEB and certain other companies during 2005 and 2006.

9. Beginning in late 2006, Haire urged Stuckert to provide debt financing to HEB, in the form of a series of loans to be evidenced by promissory notes and secured by the stock of various companies owned by HEB. Starting in January 2007, Stuckert agreed to provide, and did provide, debt financing to HEB through a series of loans made between January 2007 and June 2012. By June 30, 2012, HEB's balance sheet reflected that it owed Stuckert almost $33 million

PLAINTIFF'S ORIGINAL PETITION--Page 2

as a result of such loans.

10.     As of June 30, 2012, HEB's balance sheet also reflects that it likely is (and has been) insolvent in that its current liabilities (totaling more than $45 million) greatly exceed its assets (approximately $21 million).

## V.  FIRST CAUSE OF ACTION
### (September 17, 2010 Promissory Note)

11.     Stuckert incorporates herein the allegations of paragraphs 1-10.

12.·    On or about September 17, 2010, HEB, acting through Haire, executed and delivered to Stuckert a promissory note in the principal amount of $22,500,000.00 (the "September 17, 2010 Note"). A true and correct copy of the September 17, 2010 Note is attached hereto as Exhibit "A" and incorporated for all purposes.

13.     The September 17, 2010 Note bears a maturity date of December 31, 2011 and a stated interest rate of 10% per annum. The September 17, 2010 Note also purported to serve as a "Master Note," the purpose of which was to consolidate all the various prior notes that had been executed by HEB and delivered to Stuckert during the previous five (5) years.

14.     The September 17, 2010 Note matured on December 31, 2011.  HEB failed and refused to pay the amounts due and owing under the September 17, 2010 Note, and continues to fail and refuse to pay the amounts due and owing under said Note.

15.     All conditions precedent to HEB's obligations under the September 17, 2010 Note have occurred, or have been prevented by HEB from occurring.

16.     HEB has failed to pay Stuckert the amounts due pursuant to the September 17, 2010 Note and has thereby breached its obligations to Stuckert pursuant to such Note.

17.     Stuckert has been damaged as a result of HEB's breach of its obligations pursuant to the September 17, 2010 Note in an amount at least equal to $22,500,000, plus unpaid interest on such amount and the attorneys' fees and expenses incurred by Stuckert in connection with his efforts to administer, collect and enforce the indebtedness evidenced by the September 17, 2010 Note. Stuckert is entitled to recover herein the full amount of his damages from HEB, and is entitled to the entry of Judgment in his favor, and against HEB, for all such damages.

## VI.  SECOND CAUSE OF ACTION
### (Attorneys' Fees and Expenses)

18.     Stuckert incorporates herein the allegations of paragraphs 1-17.

19.     The September 17, 2010 Note provide for Stuckert to recover his reasonable attorneys' fees incurred in order to collect the amounts due under such Notes.

20.     As a result of HEB's breach of its obligations under the September 17, 2010 Note, Stuckert has been required to retain the undersigned counsel to bring this action and enforce his rights under such Notes.  Pursuant to the September 17, 2010 Note, Stuckert is entitled to collect from HEB, in addition to the full amount of the outstanding indebtedness, his reasonable attorneys' fees and expenses incurred in connection with this action brought to enforce the September 17, 2010 Note.

21.     This is also an action brought upon a written contract.  Even absent Stuckert's clear contractual right to recover the attorneys' fees incurred herein, Stuckert is entitled to recover such fees pursuant to TEX. CIV. PRAC. & REM. CODE §38.01.

WHEREFORE, PREMISES CONSIDERED, Stuckert prays that HEB be cited to appear and answer herein, and that upon final trial of this action he have this Court's Judgment against HEB as follows:

PLAINTIFF'S ORIGINAL PETITION--Page 4

1.  For the full amount owed to him pursuant to the September 17, 2010 Note, in the amount of at least $22,500,000, plus unpaid interest, fees, and expenses, as required by the September 17, 2010 Note;

2.  For prejudgment and post-judgment interest on all amounts awarded by the Court;

3.  For his reasonable and necessary costs and attorneys' fees incurred in this action; and

4.  For such other and further relief to which it may show itself entitled.

Respectfully submitted,

By: _____
John J. Little
State Bar No. 12424230

LITTLE PEDERSEN FANKHAUSER L.L.P.
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]

**ATTORNEYS FOR PLAINTIFF**
**JAMES STUCKERT, as Trustee of the**
**James W. Stuckert Revocable Trust**
**Under Agreement Dated February 10, 1986**

PLAINTIFF'S ORIGINAL PETITION

# EXHIBIT "A"

September 17, 2010 Promissory Note

THIS PROMISSORY NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR THE SECURITIES LAWS OF ANY STATE. NO SALE OR DISPOSITION MAY BE EFFECTED EXCEPT IN COMPLIANCE WITH RULE 144 UNDER SAID ACT OR AN EFFECTIVE REGISTRATION STATEMENT RELATED THERETO OR AN OPINION OF COUNSEL FOR THE HOLDER, SATISFACTORY TO THE COMPANY, THAT SUCH REGISTRATION IS NOT REQUIRED UNDER THE ACT OR RECEIPT OF A NO-ACTION LETTER

## PROMISSORY NOTE

September 17, 2010

FOR VALUE RECEIVED, the undersigned, HEB LLC a Nevada Limited Liability Company (HEB), ("Maker"), promises to pay to the order of James Stuckert, Trustee, U/A 2-10-86 ("Payee"), the principal sum of Twenty-Two Million Five hundred thousand, and no/100 Dollars ($22,500,000.00), plus accrued interest at a 10% annualized rate, on or before December 31, 2011(the "Maturity Date"). This Promissory Note will be a Master Note to all other Note made by Payee to Maker throughout the past 5 years.

1.    Optional Prepayment. Maker, may at its sole option, may prepay all or any part of the outstanding principal of this Note before the Maturity Date without penalty or premium. Upon any such prepayment, Payee, will elect to how Maker repays Payee as Payee will have the rights to be paid in ounces of Gold up to 7,500 ounces from the Assets as it relates Makers entire holdings as defined in Exhibit A of the two mines Maker agrees as these ounces become available to immediate pay those ounces as part of this note and that will reduce the Obligation of Maker to Payee by the amounts of previous wires as it relates to ounces sold by Payee to make loan to Maker.

2.    Security.  Maker Agrees to put Payees Note as a first position as it relates to all assets of Maker. Maker also will provide as part of this global note a signed letter that will be Exhibit B to this Note.

Note shall have the right thereafter to convert this Note into the kind and amount of shares of stock of WNDM or of such successor or purchasing corporation and other securities and property receivable upon such reclassification, change, consolidation, merger, sale, or conveyance by a holder of the number of shares of Common Stock into which this Note might have been converted immediately prior to such reclassification, change, consolidation, merger, sale or conveyance.    The provisions of this Section shall similarly apply to successive reclassifications, changes, consolidations, mergers, sales, or conveyances.

3.    Events of Default and Remedies.  At the option of Payee, the entire principal balance of, together with all accrued and unpaid interest on, this Note shall at once become due and payable, without further notice or demand, upon the occurrence at any time of any of the following events or default ("Events of Default"):

(i)    Failure of Maker to make any payment of accumulated interest and principal on this Note as and when the same becomes due and payable in accordance with

the terms hereof and such failure continues for a period of five days after the receipt by Maker of written notice from Payee of the occurrence of such failure;

(ii)  Maker shall (a) become insolvent, (b) voluntarily seek, consent to, acquiesce in the benefit or benefits of any Debtor Relief Law (as hereinafter defined) or (c) become party to (or be made the subject of) any proceeding provided by any Debtor Relief Law, other than as a creditor or claimant, that could suspend or otherwise adversely affect the rights of Payee granted hereunder (unless in the event such proceeding is involuntary, the petition instituting the same is dismissed within 90 days of the filing of same). As used herein, the term "Debtor Relief Law" means the Bankruptcy Code of the United States of America and all other applicable liquidation, conservatorship, bankruptcy, moratorium, rearrangement, receivership, insolvency, reorganization or similar debtor relief laws from time to time in effect affecting the rights of creditors generally.

In the event any one or more of the Events of Default specified above shall have occurred, the holder of this Note may proceed to protect and enforce its rights either by suit in equity or by action at law, or by other appropriate proceedings, whether for the specific performance of any covenant or agreement contained in this Note, or to enforce any other legal and equitable right of the holder of this Note.

4.    Waiver. Except as expressly provided herein, Maker, and each surety, endorser, guarantor and other party ever liable for the payment of any sum of money payable on this Note, jointly and severally waive demand, presentment, protest, notice of non-payment, notice of intention to accelerate, notice of protest and any and all lack of due diligence or delay in collection or the filing of suit hereon which may occur. Maker agrees that it has received fair value for this Note and expressly waives any claim that any payment hereunder constitutes interest in excess of the maximum contract rate of interest the Payee may charge Maker under applicable law.

5.    Cumulative Right. No delay on the part of the holder of this Note in the exercise of any power or right under this Note shall operate as a waiver thereof, nor shall a single or partial exercise of any other power or right. Enforcement by the holder of this Note of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

6.    Notices.  Any notice or demand given hereunder by the holder hereof shall be deemed to have been given and received (i) when actually received by Maker, if delivered in person or by facsimile transmission, or (ii) if mailed, on the earlier of the date actually received or (whether ever received or not) three Business Days (as hereinafter defined) after a letter containing such notice, certified or registered, with postage prepaid, addressed to Maker, is deposited in the United Stated mail. "Business Day" means every day which is not a Saturday, Sunday or legal holiday in Illinois.

7    Successors and Assigns. This Note and all covenants, promises and agreements contained herein shall be binding upon and inure to the benefit of the respective legal

2

representatives, personal representative, devisees, heirs, successors and assigns of Payee and Maker.

8.    GOVERNING LAW.    THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS.  IN CASE ANY ONE OR MORE OF THE PROVISIONS CONTAINED IN THIS NOTE SHALL FOR ANY REASON BE HELD TO BE INVALID, ILLEGAL OR UNENFORCEABLE IN ANY RESPECT, SUCH INVALIDITY, ILLEGALITY OR UNENFORCEABILITY SHALL NOT AFFECT ANY OTHER PROVISION HEREOF.

9.    Attorneys' Fees and Costs.  In the event an Event of Default shall occur, and in the event that thereafter this Note is placed in the hands of any attorney for collection, or in the event this Note is collected in whole or in part through legal proceedings of any nature, then and in any such case Maker promises to pay all costs of collection, including, but not limited to, reasonable attorneys' fees incurred by the holder hereof on account of such collection, whether or not suit is filed.

10.    Headings.  The headings of the sections of this Note are inserted for convenience only and shall not be deemed to constitute a part hereof.

Executed as of the day and year first above written,

HEB, LLC .

By: _____

Scott A. Haire, CEO/Managing Member

3

LITTLE PEDERSEN FANKHAUSER L.L.P.
901 MAIN STREET
SUITE 4110
DALLAS, TEXAS 75202

TELEPHONE 214-573-2300
FAX 214-573-2323

Writer's Direct Dial
(214) 573-2307

E-Mail Address
JLittle@lpf-law.com

November 30, 2012

Scott Haire                                    C.M.R.R.R.
Medical Office Software, Inc.
6400 Andrews Blvd., Suite 503
Fort Lauderdale, Florida 33309

> Re:   *James Stuckert, Trustee of the James W. Stuckert Revocable Trust under*
>       *agreement dated February 10, 1986 v. HEB, LLC;*
>       Cause No. 153-262300-12 in the 153rd District Court, Tarrant County, Texas

Dear Mr. Haire:

This law firm represents James Stuckert, Trustee of the James W. Stuckert Revocable Trust under agreement dated February 20, 1986 ("Stuckert"). I enclose the following:

a.    A copy of the Order for Substituted Service entered on November 16, 2012; and

b.    A copy of the original Citation issued in the above-styled and numbered cause, to which is attached the Original Petition filed October 18, 2012.

I will be happy to visit with you or your counsel concerning an agreed-upon answer date for the lawsuit.

If you have any questions, please feel free to contact me.

Very truly yours,

John J. Little

JJL/ss
Encl.

cc:   A. Bruce Wilson, Esq. (CMRRR)(w/encl.)
      William G. Strench, Esq. (Email)(w/encl.)
      Robert C. Webb, Esq. (Email)(w/encl.)
      James Stuckert (Email)(w/encl.)

LITTLE PEDERSEN FANKHAUSER L.L.P.
901 MAIN STREET
SUITE 4110
DALLAS, TEXAS 75202

TELEPHONE 214-573-2300
FAX 214-573-2323

Writer's Direct Dial
(214) 573-2307

E-Mail Address
JLittle@lpf-law.com

November 30, 2012

Scott Haire                                              UPS Ground
12136 NW 9th Place
Coral Springs, Florida 33071

Re:   *James Stuckert, Trustee of the James W. Stuckert Revocable Trust under
      agreement dated February 10, 1986 v. HEB, LLC;*
      Cause No. 153-262300-12 in the 153rd District Court, Tarrant County, Texas

Dear Mr. Haire:

This law firm represents James Stuckert, Trustee of the James W. Stuckert Revocable Trust under agreement dated February 20, 1986 ("Stuckert"). I enclose the following:

a.    A copy of the Order for Substituted Service entered on November 16, 2012; and

b.    A copy of the original Citation issued in the above-styled and numbered cause, to which is attached the Original Petition filed October 18, 2012.

I will be happy to visit with you or your counsel concerning an agreed-upon answer date for the lawsuit.

If you have any questions, please feel free to contact me.

Very truly yours,

John J. Little

JJL/ss
Encl.

cc:   A. Bruce Wilson, Esq. (CMRRR)(w/encl.)
      William G. Strench, Esq. (Email)(w/encl.)
      Robert C. Webb, Esq. (Email)(w/encl.)
      James Stuckert (Email)(w/encl.)