# EXHIBIT 9

**WNDM SEC 8K**

**EDGAR**Online

# WOUND MANAGEMENT TECHNOLOGIES, INC.

## FORM 8-K
(Current report filing)

Filed 03/22/13 for the Period Ending 02/19/13

| | |
|---:|---|
| Address | 777 MAIN STREET<br>SUITE 3100<br>FORT WORTH, TX 76102 |
| Telephone | 817-820-7080 |
| CIK | 0000714256 |
| Symbol | WNDM |
| SIC Code | 3842 - Orthopedic, Prosthetic, and Surgical Appliances and Supplies |
| Industry | Medical Equipment & Supplies |
| Sector | Healthcare |
| Fiscal Year | 12/31 |



Powered By EDGAROnline
http://www.edgar-online.com
© Copyright 2013, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

## SECURITIES AND EXCHANGE COMMISSION

Washington, D.C.  20549

## FORM 8-K
**CURRENT REPORT**

Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported): <u>February 19, 2013</u>

# <u>Wound Management Technologies, Inc.</u>

(Exact name of registrant as specified in its charter)

| <u>Texas</u> | <u>0-11808</u> | <u>59-2219994</u> |
|---|---|---|
| (State or other jurisdiction incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

<u>777 Main Street, Suite 3100, Fort Worth, Texas  76102</u>
(Address of principal executive offices)    (Zip Code)

Registrant's telephone number, including area code   <u>817-820-7080</u>

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

[_]    Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[_]    Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR240.14a-12)

[_]    Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR240.14d-2(b))

[_]    Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR240.13e-4(c))

**Item 1.01**             **Entry into a Material Definitive Agreement.**

On February 19, 2013, Wound Management Technologies, Inc. (the "Company") issued two convertible promissory notes (the "Notes"), each in the principal amount of $250,000. The Notes were issued to Solomon Oden Howell, Jr. and the James W. Stuckert Revocable Trust, each a current shareholder of the Company. Each of the Notes carries an interest rate of 10% per annum, and all principal and accrued but unpaid interest under the Notes is due and payable upon achievement by the Company of certain revenue targets under existing international distribution agreements. Additionally, all principal and accrued but unpaid interest under the Notes may be converted, at the option of the holder, into shares of the Company's common stock at a conversion price of $.07 per share, or into an equivalent number of shares of the Company's Series C Preferred Stock.

**Item 9.01.**            **Financial Statements and Exhibits**

(d) Exhibits.

| Exhibit No. | Description |
|---|---|
| 10.1 | Form of Convertible Promissory Note |

**SIGNATURES**

  Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

WOUND MANAGEMENT TECHNOLOGIES, INC.

Date: March 21, 2013

By:   /s/   Robert Lutz, Jr.
Robert Lutz, Jr., Chief Executive Officer

**THIS PROMISSORY NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT").  NO SALE OR DISPOSITION MAY BE EFFECTED EXCEPT IN COMPLIANCE WITH RULE 144 UNDER SAID ACT OR AN EFFECTIVE REGISTRATION STATEMENT RELATED THERETO OR AN OPINION OF COUNSEL FOR THE HOLDER SATISFACTORY TO MAKER THAT SUCH REGISTRATION IS NOT REQUIRED UNDER THE ACT OR RECEIPT OF A NO-ACTION LETTER FROM THE SECURITIES AND EXCHANGE COMMISSION.**

**PROMISSORY NOTE**

$_____                                                                                                                                      February 19, 2013

FOR VALUE RECEIVED, the undersigned, Wound Management Technologies Inc., ("Maker"), promises to pay to the order of _____, ("Payee"), the principal sum of _____ ($_____), together with interest accrued thereon (calculated on the basis of a 365-day year) at a rate of 10% per annum from the date hereof until this Note is paid in full.

1. <u>Re-Payment and Additional Guaranty</u>. Maker will re-pay this Note to Payee at 500 W Jefferson St, 7th Floor, Louisville, KY 40202. Note to be paid in full, with interest, upon the Company's receipt of a minimum of $3,000,000 in funding resulting from current negotiations related to distribution agreements in India and China. Alternatively, the note and accrued interest may be converted at the holder's option into Common Stock (par value $0.001 per share) at $0.07 per Common Share or the equivalent number of Series C Preferred Shares.

2. <u>Original Prepayment</u>. Maker may at its sole option prepay all or any part of the principal of this Note before maturity without penalty or premium.

3. <u>Events of Default and Remedies</u>. At the option of Payee, the entire principal balance of, together with all accrued and unpaid interest on, this Note shall at once become due and payable, without further notice or demand, upon the occurrence at any time of any of the following events or default ("Events of Default"):

(i) Failure of Maker to make any payment of accumulated interest and principal on this Note as and when the same becomes due and payable in accordance with the terms hereof and such failure continues for a period of five days after the receipt by Maker of written notice from Payee of the occurrence of such failure;

(ii) Maker shall (a) become insolvent, (b) voluntarily seek, consent to, acquiesce in the benefit or benefits of any Debtor Relief Law (as hereinafter defined) or (c) become party to (or be made the subject of) any proceeding provided by any Debtor Relief Law, other than as a creditor or claimant, that could suspend or otherwise adversely affect the rights of Payee granted hereunder (unless in the event such proceeding is involuntary, the petition instituting the same is dismissed within 90 days of the filing of same). As used herein, the term "Debtor Relief Law" means the Bankruptcy Code of the United States of America and all other applicable liquidation, conservatorship, bankruptcy, moratorium, rearrangement, receivership, insolvency, reorganization or similar debtor relief laws from time to time in effect affecting the rights of creditors generally.

In the event any one or more of the Events of Default specified above shall have occurred, the holder of this Note may proceed to protect and enforce its rights either by suit in equity and/or by action at law, or by other appropriate proceedings, whether for the specific performance of any covenant or agreement contained in this Note, or to enforce any other legal and equitable right of the holder of this Note.

4. <u>Waiver</u> . Except as expressly provided herein, Maker, and each surety, endorser, guarantor and other party ever liable for the payment of any sum of money payable on this Note, jointly and severally waive demand, presentment, protest, notice of non-payment, notice of intention to accelerate, notice of protest and any and all lack of due diligence or delay in collection or the filing of suit hereon which may occur.

5. <u>Cumulative Right</u> . No delay on the part of the holder of this Note in the exercise of any power or right under this Note shall operate as a waiver thereof, nor shall a single or partial exercise of any other power or right. Enforcement by the holder of this Note of any security for the payment hereof shall not constitute any election by it of remedies so as to preclude the exercise of any other remedy available to it.

6. <u>Notices</u> . Any notice or demand given hereunder by the holder hereof shall be deemed to have been given and received (i) when actually received by Maker, if delivered in person or by facsimile transmission, or (ii) if mailed, on the earlier of the date actually received or (whether ever received or not) three Business Days (as hereinafter defined) after a letter containing such notice, certified or registered, with postage prepaid, addressed to Maker, is deposited in the United Stated mail. The address of Maker **is 777 Main St, Ste 3100, Fort Worth** , or such other address, as Maker shall advise the holder hereof by certified or registered letter by this same procedure. "Business Day'" means every day which is not a Saturday, Sunday or legal holiday in Texas.

7. <u>Successors and Assigns</u>. This Note and all covenants, promises and agreements contained herein shall be binding upon and inure to the benefit of the respective legal representatives, personal representative, devisees, heirs, successors and assigns of Payee and Maker.

8. <u>GOVERNING LAW</u>. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. IN CASE ANY ONE OR MORE OF THE PROVISIONS CONTAINED IN THIS NOTE SHALL FOR ANY REASON BE HELD TO BE INVALID, ILLEGAL OR UNENFORCEABLE IN ANY RESPECT, SUCH INVALIDITY, ILLEGALITY OR UNENFORCEABILITY SHALL NOT AFFECT ANY OTHER PROVISION HEREOF.

9. <u>Attorneys' Fees and Costs</u>. In the event an Event of Default shall occur, and in the event that thereafter this Note is placed in the hands of any attorney for collection, or in the event this Note is collected in whole or in part through legal proceedings of any nature, then and in any such case Maker promises to pay all costs of collection, including, but not limited to, reasonable attorneys' fees incurred by the holder hereof on account of such collection, whether or not suit is filed.

10. <u>Headings</u>. The headings of the sections of this Note are inserted for convenience only and shall not be deemed to constitute a part hereof.

EXECUTED as of the day and year first above written.

Wound Management Technologies, Inc.

By: _____
  By:

[PAYEE]

By: _____
  By:

Case 0:12-cr-60133-KMW Document 177-9 Entered on FLSD Docket 07/15/2013 Page 10 of 10